# United States District Court
**EASTERN DISTRICT OF TENNESSEE**

**UNITED STATES OF AMERICA**
    v.                                                   **ORDER OF DETENTION PENDING TRIAL**

      FELIX BOOKER                                      Case Number: 3:10-CR-44
*Defendant*                                                         (PHILLIPS/GUYTON)

       In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 24, 2010. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
               [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
               [ ] an offense for which the maximum sentence is life imprisonment or death.
               [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
               [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
[ ]   (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

#### Alternative Findings (A)

[ X ]   (1)   There is probable cause to believe that the defendant has committed an offense
               [ X ] for which a maximum term of imprisonment of ten years or more is prescribed.
               [ ] under 18 U.S.C. § 924(c).
[ X ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### Alternative Findings (B)

[ ]   (1)   There is a serious risk that the defendant will not appear.
[ X ]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

      Based on the government's proffer, and the Amended Pretrial Services Report, with Supplemental attachment dated June 11, 2010, (Exhibit 4 to hearing) which the Court finds to be fully credible, the 18 U.S.C. § 3142(g) factors require detention: nature and circumstances of offense (cocaine trafficking), weight of the evidence, history and characteristics of defendant (no employment, no established residence, a prior firearms conviction, an assault conviction, and firearm possession), and nature and seriousness of danger to public if released. The charged offense is inherently dangerous. See United States v. Hernandez, 2002 WL 1377911 (E.D.TN, Edgar). See also, United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985). Also, defendant has prior arrests for reckless endangerment with a firearm and violation of probation, which was dismissed on the state's determination not to prosecute. The Court may consider a prior arrest as part of a criminal history even though the defendant was not convicted of the charges. United States v. Acevedo-Ramos, 755 F.2d 203, 209 (1st Cir. 1985). The defendant was on state probation at the time of the instant offense. The defendant also gave false statements to probation about drug use, and he attempted to deceive the Court by cheating on his drug screen. These facts establish that the defendant has no regard for the conditions of pretrial release and is not a suitable candidate to abide by conditions.
      This is a presumption case. As such, the defendant must introduce evidence contrary to the presumed fact that he is a danger to the community in order to rebut the presumption. United States v. Stone, ___ F.3d ___, No. 10-1618, 2010 WL 2499658 (6th Cir. June 22, 2010). In this case, the defendant has not rebutted the presumption in favor of detention established by statute, despite the testimony of his sister, Ashley Booker, and her commendable offer to provide a residence for the defendant. The defendant's proposal to live with his sister does nothing to rebut the danger which the defendant clearly poses to the community, despite the fact that his sister appears to be a stable, law-abiding person. All restrictions less than detention have been fully considered by the Court, but rejected as inadequate to address the issue of danger.

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

The evidence and other information provided at the hearing established by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community, if the defendant were to be released on bond. Therefore, the defendant shall be detained pending trial.

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 25, 2010                          s/ H. Bruce Guyton
                                                                                  United States Magistrate Judge