IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-44 |
| | ) | |
| FELIX BOOKER, | ) | |

**MEMORANDUM AND ORDER**

On February 2, 2011, a jury found defendant Felix Booker guilty on count one of a single-count indictment. Now before the court is defendant's "Motion for New Trial" [doc. 57] brought pursuant to Federal Rule of Criminal Procedure 33. The government has filed a response in opposition [doc. 58]. The motion is ripe for the court's determination, and for the reasons that follow, the motion will be denied.

I.

*Background*

The single-count indictment charged the defendant with possessing five grams or more of crack cocaine with the intent to distribute. A jury trial was held on February 1 and 2, 2011, ending with the guilty verdict. At the close of the government's proof, the defendant moved for acquittal. The request was denied. Defendant includes in his motion for new trial a claim of error regarding denial of his motion for acquittal. The motion presently before the court also contains multiple other bases for a new trial, which the court will address in the order presented by defendant.

II.

*Analysis*

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence. Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation and quotation omitted). "Rule 33's 'interest of justice' standard [also] allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

Defendant's first basis for a new trial identified in paragraph 1 is that there was insufficient evidence presented at trial to support the jury's finding that he was guilty of possessing with intent to distribute more than five grams of cocaine base. Defendant was charged with possessing five grams or more of crack cocaine with the intent to distribute. "The elements of a charge of possession with intent to distribute illegal drugs are: (1) the defendant knowingly, (2) possessed a controlled substance, (3) with specific intent to distribute." *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006) (citations omitted).

The proof at trial supported the jury's verdict. Dr. Michael LaPaglia testified to removing a rock-like substance from defendant's rectum that was shown to be crack cocaine with a net weight of 5.7 grams. At the time of his arrest, defendant had on his person

2

a large amount of cash, $1731, in denominations of 20s, 10s, 5s, and 1s and two cell phones. Special Agent Dave Lewis testified regarding the characteristics of drug dealers, including how they use cash and cell phones. He also testified concerning the characteristics of persons possessing drugs for personal use, such as having a pipe or other paraphernalia for smoking the crack cocaine as well as the amount of the drug consumed for personal use. There was sufficient evidence for the jury to reasonably find that the plaintiff knowingly possessed the crack cocaine with the intent to distribute it.

The jury's verdict was not against the manifest weight of the evidence. On this basis, defendant's motion for new trial will be denied.

Defendant's arguments for new trial in paragraphs numbered 2, 3, 4, and 5 all pertain to alleged errors in the court's rulings on pretrial motions, specifically motions to suppress evidence and a motion denying defendant's attempt to re-weigh the drug evidence at trial. These motions and the court's rulings concerning them were made prior to trial and stand on the record. The court will not revisit these pretrial rulings in the pending motion. Defendant's motion for new trial will be denied based on all of the arguments raised in these paragraphs.

The argument stated in paragraph 6 of the motion for new trial is that the court erred in denying defendant's motion to excuse the jury panel during voir dire when the U.S. Attorney made comments regarding prior court rulings concerning the search in this case. Defendant has not submitted any portion of the record in support of his claim of error. Nevertheless, the court gave a curative instruction, telling the jury panel to disregard

counsel's comments. The court's instruction was sufficient to overcome any prejudice to defendant. *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1356 (6th Cir. 1993) ("the trial judge gave a strong, prompt, curative instruction," that factored into Sixth Circuit's "determination that the isolated statement made by the prosecutor did not cause petitioner's trial to be fundamentally unfair") (citing *Eberhardt v. Bordenkircher*, 605 F.2d 275, 280 (6th Cir. 1979)("[W]e believe that a jury must be presumed to listen to and have respect for the cautions of a trial judge. In the proper case, a prompt, strong admonition may serve to render an error harmless."). Defendant's motion will be denied on this basis.

In paragraph 7, defendant alleges as a basis for new trial that the court erred in allowing Special Agent Dave Lewis to testify as an expert witness under Federal Rule of Evidence 702. Agent Lewis has been deemed qualified to testify in many trials, and the Sixth Circuit has upheld Agent Lewis as qualified under Rule 702. *United States v. Alford*, 332 F. App'x 275, 281 (6th Cir. 2009); *United States v. List*, 200 F. App'x 535, 545 (6th Cir. 2006)). Defendant's motion will be denied on this basis.

Defendant contends in paragraph 8 of his motion that the court erred in allowing Special Agent Lewis to testify as to defendant's mental state regarding the intent to distribute in violation of Federal Rule of Evidence 704(b). Defendant does not identify specific testimony by Agent Lewis that he contends violates the rule.

4

Federal Rule of Evidence 704(b) states:

No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

On direct examination, counsel for the government asked Agent Lewis about the significance of $1730 being found on the defendant as well as two cell phones. She also asked the significance that this was all that was found on the defendant, i.e., the inference being that no personal-use paraphernalia was found. In response, Agent Lewis stated that these circumstances were consistent with the characteristics of drug dealing. He also stated that the lack of smoking apparatus or a lighter indicated that defendant was not a drug user himself.

Agent Lewis testified that the circumstances in this case were consistent with drug distribution rather than personal use. He based this opinion on the amount of cash, the quantity of drugs, the two cell phones, and the lack of smoking paraphernalia, which would have indicated personal use. The Sixth Circuit has upheld such testimony under Rule 704. *United States v. McCreary-Redd*, 407 F. App'x 861, 872-73 (6th Cir. 2010). Therefore, defendant's motion for new trial will be denied on this basis.

In paragraph 9, defendant states that the court erred in denying his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 because the government had not met its burden of proof beyond a reasonable doubt as to each element

5

of the crime charged. Defendant offers absolutely no developed argument in support of this contention.

A Rule 29 motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a),(c). When reviewing a sufficiency of evidence claim, the court "must decide whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment of that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

As noted above in the discussion of defendant's first basis for error, the elements of possession with intent to distribute illegal drugs are: "(1) the defendant knowingly, (2) possessed a controlled substance, (3) with specific intent to distribute." *United States v. Bell*, 516 F.3d at 443. In that same discussion, the court summarized the significant proof presented at trial. Considering those same elements and proof in the context of Rule 29, the court finds that the evidence was sufficient for a rational trier of fact to find the elements of the crime charged beyond a reasonable doubt. Therefore, on this basis, defendant's motion will be denied.

Finally, in paragraph 10, defendant alleges that the court erred in charging the jury and identifies three charges he contends should have been given. First, defendant states that the instruction for the lesser included offense of simple possession of cocaine base should have been given. According to the government, defendant did not specifically object on the record to the court's refusal to include this instruction in the jury charge. Defendant has not provided any portion of the record to support his position.

In any event, the instruction for the lesser included offense of simple possession was not appropriate in this case. Instruction of a lesser-included offense is called for if: "(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser." *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001) (citations omitted).

The government argues that defendant did not timely file the proposed jury instruction pursuant to the magistrate judge's order. In any event, the evidence in this case was not sufficient to support a conviction of the lesser offense nor was the evidence regarding intent sufficiently in dispute. *United States v. Monger*, 185 F.3d 574, 576-77 (6th Cir. 1999). The proof, including the amount of drugs and the absence of smoking paraphernalia, did not support a charge of simple possession. The large amount of cash in various denominations along with the two cells phones in defendant's possession are

7

consistent with illegal drug distribution, not personal drug use. Therefore, there was no error in not giving the lesser included offense charge of simple possession.

Next, defendant claims it was error for the court not to instruct the jury on Tennessee law regarding arrests and body cavity searches. These two charges involve legal issues that are not for the jury to decide and that had already been ruled upon in pretrial motions by the court. Accordingly, defendant's motion will be denied on this basis as well.

Therefore, for all the reasons stated herein, defendant's "Motion for New Trial" [doc. 57] is hereby **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge